Electronically Filed
Intermediate Court of Appeals
CAAP-13-0006214
19-MAY-2014
10:20 AM

NO. CAAP-13-0006214

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of Attorney's Fees Pertaining to
DANNY J. VASCONCELLOS in the case of RAYMOND V. RAMES,
Claimant/Appellant/Cross-Appellee/Appellant,
v.
STARWOOD HOTELS AND RESORTS WORLDWIDE, INC.,
Employer/Appellee/Cross-Appellant/Appellee,
and
GALLAGHER BASSETT SERVICES, INC./SEDGWICK CMS,
Third-Party Administrator/Appellee/Cross-Appellant/Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(AB 2010-459(K), (4-10-00380))
(AB 2010-233(K), (4-07-01134), (4-10-00102))
(AB 2010-234(K), (4-10-00101))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that Claimant/
Appellant/Cross-Appellee/Appellant Raymond V. Rames's (Appellant
Rames) appeal from Labor and Industrial Relations Appeals Board's
(the LIRAB)[1] August 26, 2013 "Attorneys's Fee Approval and Order"
is untimely under Hawaii Revised Statutes (HRS) § 386-88 (Supp.

---

[1] The Labor and Industrial Relations Appeals Board (the LIRAB) was apparently composed of Member Melanie S. Matsui and Member David A. Pendleton.

2013),[2] and, thus, we lack appellate jurisdiction over appellate court case number CAAP-13-0006214.

Pursuant to HRS § 386-88 and HRS § 91-14(a) (1993 & Supp. 2013), an aggrieved party may appeal from a final decision and order by the LIRAB directly to the Hawai'i Intermediate Court of Appeals:

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citations and some internal quotation marks omitted; emphasis added). The Supreme Court of Hawai'i has "held that an order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted) (emphasis added). "Similarly, an order awarding or denying attorney's fees and costs under HRS § 386-93(b) determines a claimant's rights to those benefits." Id. at 169, 86 P.3d at 978 (internal quotation marks omitted). Thus, for example, "[a]n

---

[2] "The decision or order of the appellate board shall be final and conclusive, except as provided in section 386-89, unless within thirty days after mailing of a certified copy of the decision or order, the director or any other party appeals to the intermediate appellate court, subject to chapter 602, by filing a written notice of appeal with the appellate board, or by electronically filing a notice of appeal in accordance with the Hawaii rules of appellate procedure." HRS § 386-88 (Supp. 2013) (in relevant part).

award of attorney's fees and costs, then, is final under the Bocalbos rationale for purposes of an appeal." Id. Similarly, an "order denying fees under HRS § 386-94 is also a final order for purposes of appeal in worker compensation cases." Id.

The August 26, 2013 "Attorneys's Fee Approval and Order" approves a request by Appellant Rames's attorney, Danny J. Vasconcellos, for his attorneys' fees and costs pursuant to HRS § 386-94 (Supp. 2013), which, thus, is an appealable order under HRS § 386-88, HRS § 91-14(a) and the holding in Lindinha. However, HRS § 386-88 required Appellant Rames to file his notice of appeal "within thirty days after mailing of a certified copy of the decision or order, . . . in accordance with the Hawaii rules of appellate procedure." HRS § 386-88. Appellant Rames did not file his December 19, 2013 notice of appeal within thirty days after the August 26, 2013 mailing of the August 26, 2013 "Attorneys's Fee Approval and Order" in violation of the express thirty-day time limitation in HRS § 386-88. Therefore, Appellant Rames's appeal is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the

failure to give timely notice of appeal."). Absent a timely appeal, we lack appellate jurisdiction.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-13-0006214 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that pending motions, if any, in appellate court case number CAAP-13-0006214 are denied as moot.

DATED: Honolulu, Hawai'i, May 19, 2014.

Presiding Judge

Associate Judge

Associate Judge